UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO A. TACHIQUIN and VERONCIA CASTILLO,<br><br>      Plaintiff,<br>v.<br><br>HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR LUMINENT MORTGAGE AND TRUST 2006-2 TRUST FUND; WESTERN CAPITAL MORTGAGE; BAC HOME LOANS SERVICING, LP; NORTH AMERICAN TITLE COMPANY; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; and RECONTRUST COMPANY; and DOES 1 through 50, inclusive,<br><br>      Defendants. | Civil No. 12cv2712 AJB (RBB)<br><br>ORDER DENYING PLAINTIFFS' MOTION TO STAY<br><br>(Doc. No. 7) |

  On November 7, 2012, Plaintiffs Pedro A. Tachiquin and Veronica Castillo ("Plaintiffs) filed an emergency motion for a temporary restraining order ("TRO") requesting the Court enjoin Defendants from taking any action to deprive Plaintiffs of the real property located at 4263 & 4265 48th Street, San Diego, California 92115 (the "Property").[1]  (Doc. No. 4.)  On November 8, 2012, the Court denied Plaintiffs' request, finding that Plaintiffs failed to demonstrate irreparable harm and failed to demonstrate that the Court had jurisdiction to intervene in a pending state court unlawful detainer action. (Doc. No. 5.)  Currently before the Court is Plaintiffs' emergency motion to stay the execution of that

---

[1] The Property is a duplex, unit 4263 is the upstairs unit and unit 4265 is the downstairs unit.

order pending appeal to the Ninth Circuit. (Doc. No. 7.)  Specifically, Plaintiffs request the Court grant a TRO restraining Defendant HSBC from evicting Plaintiffs pending a briefing schedule and a hearing on the merits.  For the reasons set forth below, the Court **DENIES** Plaintiffs' motion to stay.

## *BACKGROUND*

This is a foreclosure action concerning the alleged wrongful sale of the Property and Plaintiffs imminent eviction. Plaintiffs allege they purchased the Property on or about September 20, 2005.  (Doc. No. 1, Compl. ¶ 21.)  To fund the purchase, Plaintiffs secured a loan for $416,000 from Defendant Western Capital Mortgage ("Western"), secured by a Deed of Trust.  (*Id*., Ex. 4.) The Deed of Trust was recorded on October 4, 2005, and identified Plaintiffs as Borrower, Defendant Western as Lender, North American Title Company ("North American") as the Trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as a separate corporation that was acting solely as a nominee for the Lender and the Lender's successors and assigns. (*Id*. at ¶ 23.)  The Deed of Trust listed MERS as the "beneficiary under this security instrument" and was recorded in the San Diego County Recorder's Office, Document Number: 20050855605.  (*Id*.)  On or about October 22, 2009, there was a notice of default on Plaintiffs' property, (*Id*. at ¶ 24), and on June 17, 2010, there was a notice of trustee's sale stating that the sale would take place on July 09, 2010, (*Id*., Ex. 6).

On or about September 27, 2010, Defendant Reconstruct Company ("Recon"), which had recorded the Notice of Default and was acting as the trustee for MERS, sold the Property at public auction to Defendant HSBC Bank USA ("HSBC") for $240,750.00. (*Id*., Ex. 1.)  The Trustee sale was recorded on October 5, 2010, in the San Diego County Recorder's Office, Document Number: 20100531111.[2] (*Id*.)  On June 13, 2012, Plaintiffs were served with an eviction notice, wherein they were instructed to vacate the premises no later than November 13, 2012. Currently pending in San Diego Superior Court is an unlawful detainer action set for trial on November 15, 2012, brought by Defendant HSBC against Plaintiffs.  *See HSBC Bank USA v. Pedro A. Tachiquin*, Case No.: 37-2011-00044395

//

---

[2] During this time, Plaintiffs allege Defendant BAC Home Loans Servicing ("BAC") had contacted Plaintiffs regarding modification of their loan, and was in the process of modifying Plaintiffs' loan. (*Id*. at ¶ 27.)

//

## *DISCUSSION*

Plaintiffs bring the present motion pursuant to Ninth Circuit Rule 27-3.[3] A party seeking a stay of a state action that the district court has declined to enjoin must demonstrate: (1) "a strong showing that he is likely to succeed on the merits;" (2) an "irreparable injury absent a stay;" (3) that the issuance of a stay would not substantially injure the other interested parties; and (4) that the stay is in the public interest. *Cal. Pharmacists Ass'n v. Maxwell–Jolly*, 563 F.3d 847, 849–50 (9th Cir. 2009) (citation omitted). This standard is akin to the one used in deciding whether a preliminary injunction or temporary restraining order should be issued. *See id.* at 849 (citing *Winter v. Nat. Res. Def. Council, Inc.*, 55 U.S. 7, 129 S. Ct. 365, 376, 172 L. Ed. 2d 249 (2008)). Plaintiffs have once again failed to meet this burden.

Plaintiffs' central argument is that Defendant HSBC should be enjoined from evicting Plaintiffs from the Property because HSBC is a stranger who lacks standing to foreclosure on the Property. This is not a new argument, and was already considered and rejected by the Court. As stated in the Court's previous Order, pursuant to the Anti-Injunction Act, the Court is without jurisdiction to stay a pending state court unlawful detainer action. *See* 28 U.S.C. § 2283 ("A court of the United States may not grant an injunction to stay proceedings in a State court action except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."). This fact is even more apparent now, because Plaintiffs for the first time inform the Court of the pending state court action.[4]

Moreover, none of the three exceptions to the Anti-Injunction Act apply. An injunction against an unlawful detainer action is not expressly authorized by Congress. Nor is such an injunction

---

[3] Federal Rules of Appellate Procedure govern only the procedure in the courts of appeals. *See* Fed. R. App. P. 1(a)(1). Where the rules "provide for filing a motion or other document in the district court, the procedure must comply with the practice of the district court." Fed. R. App. P. 1(a)(2). In the present case, the Court construes Plaintiffs' emergency motion as a motion pursuant to Fed. R. Civ. P. 62(c), which expressly allows a district court to grant an injunction pending appeal "from an interlocutory order or final judgment that . . . denies an injunction."

[4] In the Court's previous Order denying the TRO, the Court stated "Plaintiffs' application is further flawed by the fact that they make reference to an 'eviction action' they wish to enjoin, but do not explain the nature of this eviction action, or whether there is an unlawful detainer action currently pending against Plaintiffs in state court." (Doc. No. 5, p. 4: 23-25.)

necessary to aid this Court's jurisdiction.  A party to an action in state court litigating possession of real property or the right to tenancy does not implicate this exception simply by filing, as here, an action purporting to litigate title to said property in federal court. *See Halajian v. Deutsche Bank Nat. Trust Co.*, 2012 WL 1833941 at *2 (E.D. Cal. May 18, 2012).  Finally, there is no judgment by this Court that must be protected or effectuated by the stay plaintiffs are seeking.  Accordingly, the Court reiterates that it is without jurisdiction to enjoin the pending unlawful detainer action in state court.

## *CONCLUSION*

After reviewing Plaintiffs' emergency motion to stay pending appeal, the Court concludes Plaintiffs have failed to demonstrate the Court has jurisdiction over the matter. The Court further finds that Plaintiffs have failed to show that the balance of equities tips in their favor or that they will suffer irreparable harm if the stay is not granted.  Although the Court is once again cognizant that losing possession of one's home is a tragic event, the Court is at a loss to see why Plaintiffs waited over two years to contest the foreclosure sale, or how the present motion is not an attempt to stall the effect of the foreclosure sale.  *See Hughes v. Green Point Mortgage Funding, Inc*., 2009 WL 4508513, at *1 (D. Ariz. Dec.1, 2009); *Coyotzi v. Countrywide Fin. Corp*., 2009 WL 2461336, at *2 (E.D. Cal. Aug.11, 2009) ("Plaintiffs' TRO request appears as a further delay tactic given its belated filing mere days before the unlawful detainer trial."); *Alcaraz v. Wachovia Mortgage FSB*, 592 F. Supp. 2d 1296, 1306 (E.D. Cal. 2009) ("This Court agrees with the Wachovia defendants and their assessment that this action 'is a transparent attempt to "buy time" ' by stalling off the foreclosure sale.).  Accordingly, the Court **DENIES** Plaintiffs' emergency motion to stay pending appeal. (Doc. No. 7.)

IT IS SO ORDERED.

DATED: November 14, 2012

Hon. Anthony J. Battaglia
U.S. District Judge